IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEESH NARANG

    Plaintiff,

vs.                                        No. CIV 99-1292  MV/LCS

HASSAN DAYEM, in his individual
capacity; CHARLES SLOCOMB, in
his individual capacity; and
EARLENE EDEN, in her individual
capacity.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss the Complaint on the basis of qualified immunity, the applicable statute of limitations,[1] the inapplicability of the New Mexico Constitution, and the discretion found in 28 U.S.C. § 1367(c) **[Doc. No. 15]**. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed finds that the Motion to Dismiss is well taken in part and will be **GRANTED IN PART**. Specifically, the Court finds that Plaintiff's Complaint is insufficient in certain respects and **SHALL BE AMENDED**, as noted below, within 30 days of the date of this

---

[1] In his responsive briefing, Plaintiff concurs that he cannot maintain any claims arising outside of the three year statute of limitations, prior to November 3, 1996. As such, the Court need not address this issue. The Court does find, however, that such prior incidents and occurrences may be relevant and admissible evidence which provides "background to later discriminatory acts." *See Baty v. Willamette Industries, Inc.* 172 F.3d 1232, 1248, n.10 (10th Cir. 1999) (*quoting Rorie v. United States Parcel Serv.*, 151 F.3d 757, 761 (8th Cir. 1998)).

1

Order. The Court further declines to exercise jurisdiction over Plaintiff's state constitutional claims and orders that these claims shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff has also brought a motion for default judgment based on the Defendants' failure to serve an Answer to the Complaint. As the required responsive briefs have now been filed, the Motion for Default Judgment **[Doc. No. 9]** is **DENIED** as moot.

## FACTUAL BACKGROUND

The Court assumes the following material facts to be true:[2]

Plaintiff Narang is a male East Indian who was employed at Los Alamos National Lab (LANL) for two years as a contractor from approximately October 1991, until September 7, 1993, upon which date he became a regular LANL employee. Narang applied for a CIC-10 Group Leader position with LANL's CIC Division on March 16, 1994. In April 1994, Gail Hodyke, a lesser qualified Anglo female, was selected over Narang for the CIC-10 Group Leader position by Defendants Slocomb and Dayem.[3] On September 15, 1995 Narang received an anonymous letter through an inter-office envelope marked "In Confidence-To Be Opened By Addressee Only." The information communicated in this letter concerned the circumstances surrounding Narang's non-selection as the CIC-10 Group Leader. Through this letter, Narang became aware for the first time that the selection committee appointed by Dayem had recommended Narang and another minority male for the position, and had specifically

---

[2] For the purposes of this 12(b)(6) motion the Court assumes as true all well-pleaded facts, and must draw all reasonable inferences in favor of the Plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

[3] It is not clear from the Complaint what in what position Defendants Slocomb and Dayem were employed by LANL, or to what extent they supervised Narang or how the selection process proceeded.

recommended against hiring Hodyke. Dayem and Slocomb had ignored these recommendations in selecting Hodyke for the Group Leader position.

Upon receipt of this information, Narang believed that he had been discriminated against because of his national origin and sex in his non-selection as CIC-10 Group Leader and through other continuous and discrete adverse actions by Defendants occurring since April 1994. Beginning in September 1995, Narang began to complain about this discriminatory conduct to numerous management and other employees at LANL including Defendants Dayem, Slocomb, Eden. In October 1995, Narang filed a court claim pursuant to an EEOC charge against the Regents of the University of California, who managed LANL, in New Mexico state court. That case is still pending.

After Narang began to complain about the alleged discrimination, Defendants began a pattern of retaliation, harassment and discrimination which has continued up until the present time. In November 1996, the CIC-10 Group Leader position became available again as Hodyke was asked to step down. Narang again applied for the position, was interviewed, but was not selected. A lesser qualified female applicant, Defendant Eden, was selected for the position by Defendants Dayem and Slocomb. No legitimate business reason has been provided to Narang for this management decision. Furthermore, Narang alleges that in the selection of Defendant Eden over Narang, Defendant Dayem misrepresented the qualifications of Defendant Eden to the selection committee.

A salary increase is given at LANL for exceptional performance and increased job responsibilities. Despite his exceptional performance appraisals for the past years, Narang was not given a salary increase comparable to those of other Group Leaders in the CIC Division.

Narang received several unwarranted performance appraisals from 1995 to 1998 that were not prepared in a manner consistent with the provisions of LANL's "Administrative Manual." Narang alleges that he was also constructively demoted, constructively transferred, forced to perform duties significantly below his level of experience, denied meaningful job assignments, ignored, cut out of the management loop, and forced to report to former subordinates. Defendants Dayem and Slocomb cited Narang's poor performance as the basis for his constructive transfer and demotion.

Narang further alleges that as a proximate result of the Defendants' wrongful acts and omissions, he has suffered and will continue to suffer loss of income, loss of advancement and future income, loss of retirement and other benefits of employment, physical pain, severe emotional distress, mental aguish and other damages. Narang finally alleges that these acts were willful and intentional and were performed in an abusive, oppressive and vindictive manner and/or with callous and reckless disregard of Narang's rights.

## LEGAL STANDARD

A court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts supporting the complaint's claims that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his

4

or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

The standard is slightly different when the basis for dismissal is qualified immunity.  *See Breidenbach v. Bolish*, 126 F.3d 1288, 1291 (10th Cir. 1997).  Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known."  *Baptiste v. J.C. Penney*, 147 F.3d 1252 (10th Cir. 1998). In the context of a motion to dismiss, once the qualified immunity defense is raised, the plaintiff must demonstrate both that the defendants' alleged conduct violated the law and that the law was clearly established when the alleged violation occurred.  *See Workman v. Jordan*, 32 F.3d 475, 479 (10th Cir. 1994) (quotation omitted).  In so doing, the Court applies " a heightened pleading standard, requiring the complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law." *Dill v. City of Edmond*, 155 F.3d 1193, 1204 (10th Cir. 1998).  If the original Complaint is deficient, the plaintiff must amend his or her complaint accordingly.  *See Breidenbach v. Bolish*, 126 F.3d at 1293.

**DISCUSSION**

Since the Plaintiff concedes that the statute of limitations bars any cause of action arising out of events prior to November 4, 1996, the Court need only ascertain whether the post-November, 1996 events as alleged in Plaintiff's complaint are sufficient to state a claim under the heightened pleading requirements of *Breidech*.

**A.     First Amendment Claim**

A public employer may not retaliate against an employee for exercising her or his constitutionally protected right to free speech. *Connick v. Myers*, 461 U.S. 138, 142 (1983). To prove retaliation in violation of the First Amendment, Plaintiff must first prove that his speech was constitutionally protected. The speech is protected if it involves a matter of public concern, and the employee's interest commenting on matters of public concern outweigh the interests of the employer in promoting the efficiency of the public service it performs. Second, Plaintiff must prove that his speech was a substantial or motivating factor in the Defendants' decision to retaliate against Plaintiff. The Defendants can defend against this claim if they can prove that he would have reached the same decision in the absence of Plaintiffs' protected speech. *Dill v. City of Edmond, Okl.*, 155 F.3d 1193, 1201 (10th Cir. 1998) (citations omitted).

In determining whether allegations of harassment constitute matters of public concern, the Tenth Circuit has drawn a line between a public employee's complaint that she or he was personally harassed and broader complaints either that co-workers are being harassed or that the harassment has interfered with the public agency's governmental responsibilities. *See David v. City and County of Denver*, 101 F.3d 1344, 1356-57, *cert. denied*, 522 U.S. 858 (1997). The former are personal matters which are not protected by the First Amendment, whereas the latter involve public issues

about which an employee has a constitutionally protected right to speak. *Id.*

Here Plaintiff has failed to sufficiently allege in the Complaint whether he was engaged in speech as an "employee" whose primary purpose was to secure relief for himself, or as a "citizen" whose primary purpose was to secure systematic relief. *See David v. City of Denver,* 101 F.3d at 1356. Rather, he merely states that he was complaining about harassment and discriminatory treatment. If Plaintiff's primary motivation was to secure personal relief, then his speech was not a matter of public concern and would not give rise to a First Amendment claim. *Id.* Without more specific facts alleged, the Court cannot determine whether Plaintiff was engaged in protected speech. The appropriate remedy is for Plaintiff to amend his Complaint to allege the nature of his speech with more specificity. *Breideich v. Bolish*, 126 F.3d at 1293.

The Court finds, however, that Plaintiff has offered sufficient facts to demonstrate a causal connection between any protected speech (if proven through an Amended Complaint) and subsequent adverse action by his employer. Specifically, Plaintiff alleges that after he began engaging in protected speech he was subject to retaliatory action including adverse performance appraisals, adverse rate of pay actions, denial of promotions and meaningful job assignments and demotions. Plaintiff also alleges that such actions were not justified by his performance, as demonstrated by prior favorable performance evaluations. The timing of the adverse actions, as well as the evidence suggesting that Plaintiff had performed adequately, is sufficiently well plead for the purposes of the present motion to support an inference that Defendants were improperly motivated by Plaintiff's speech. *See Ware v. United School District No. 492, Butler County, State of Kansas*, 881 F.2d 906, 911 (10th Cir. 1989).

Accordingly, the Court finds that Plaintiff has sufficiently plead his allegations of a causal

connection, but has failed to adequately plead that he was engaged in protected speech. Plaintiff shall have an opportunity to amend his Complaint accordingly.

**B.     Equal Protection Claims**

Plaintiff alleges that he was denied the Group Leader promotion based on gender and national origin in violation of the Equal Protection Clause of the Fourteenth Amendment.

**1.     Gender Discrimination**

Plaintiff is alleging reverse discrimination on the basis of his gender. As support for these facts, Plaintiff alleges that a lesser qualified female candidate, Defendant Eden, was selected instead of him for the Group Leader position. A reverse discrimination plaintiff "must in lieu of showing that he belongs to a protected class, establish background circumstances that support an inference of that the defendant is one of those unusual employers who discriminates against the majority. *See Notari v. Denver Water Department*, 971 F.2d 585, 587 (10th Cir. 1992). Alternatively, Plaintiff must allege and produce evidence to support a reasonable inference that "but for Plaintiff's status, the challenged decision would not have occurred." *Id.* Plaintiff has offered evidence of two instances where the Defendants exhibited a pattern of preferring female candidates over male candidates. In the first instance, there is evidence that in 1994 Defendants chose a lesser female over both Plaintiff and another minority male candidate. Then again in 1996 Defendants chose another allegedly lesser qualified female candidate over Plaintiff. This circumstantial evidence, if proven at trial tends establish a pattern on the part of Defendants of choosing female candidates over male candidates. Defendants argue that the pre-1994 incidents cannot give rise to a claim of damages. However, the Court is considering the pre-1994 incident not as a basis for damages, but rather as supporting background for Plaintiff's 1996 claim of

reverse discrimination. Where Plaintiff has a heightened burden of proving that Defendants are one of those rare employers that discrimination against the majority, the Court will not ignore evidence which supports Plaintiff's burden of proof.

In order to state a claim for gender discrimination, Plaintiff must also show that he was as qualified as the female candidates ultimately chosen, and but for his gender he would have been selected for the Group Leader Position. Plaintiff fails to state a claim for gender discrimination by alleging in a conclusory manner that he was more qualified than either of the female candidates ultimately chosen for the position. The nature of Plaintiff's qualifications vis-a-vis both Hydock and Eden need to be stated with more particularity in order to support his claim for discrimination. However, the Court finds that Plaintiff has sufficiently plead facts supporting an inference of discriminatory animus on the part of Defendants. Specifically, Plaintiff alleges that Defendants lied about Eden's qualifications in order to support her candidacy. Plaintiff further alleges that Defendants ignored the selection committee's recommendation to promote Plaintiff. This evidence supports Plaintiff's allegations that Defendants were motivated in their actions by discriminatory animus. Plaintiff's Complaint with respect to his claim based on gender discrimination is only deficient with respect to the female candidates qualifications as compared to his own. Plaintiff shall amend his Complaint to address the Court's concerns in this regard.

### 2.     **National Origin Discrimination**

In bringing his national origin discrimination claim, Plaintiff fails to allege the national origin of Defendant Eden who was selected for the Group Leader position instead of Plainitff. In addition, as the Court noted above, Plaintiff fails to offer specific evidence of how he was more

qualified than Eden.  Plaintiff does allege, however, that Defendants were motivated by discriminatory animus in that Defendants operated under a Department of Energy Directive which directs differential treatment for employees from "sensitive nations" including East India.  For the purposes of the present motion, these allegations are sufficient to state a claim for gender discrimination.  Accordingly, Plaintiff is instructed to amend his Complaint to address the deficiencies with respect to his and Defendant Eden's qualifications, as noted by the Court.

**C.     New Mexico Constitutional Claims**

Plaintiff also brings a claim pursuant to the Equal Rights Amendment of the New Mexico Constitution, claiming discrimination based on gender.  Defendants argue that this claim should be dismissed as Plaintiff has failed to allege any state action.   Plaintiff in turn argues that under the language of the Equal Rights Amendment there is no state action requirement and a plaintiff may bring an action against a non-New Mexico state actor for a violation of this Amendment.  To the Court's knowledge, no New Mexico case law addresses this issue.  In determining the scope of rights under the New Mexico Constitution, New Mexico state courts have "sought guidance from the United States Supreme Court decisions interpreting parallel federal constitutional provisions..." *State v. Guttierez*, 116 N.M. 431, 435-36 (1993).  Thus, for example New Mexico courts have presumed that state action is a prerequisite for bringing any due process claims under the New Mexico Constitution.  *See State of New  Mexico, ex rel. Human Services Dept., In The Matter of Kira M.*, 118 N.M. 563 (1994).  However, since there is no analogous federal provision to New Mexico's Equal Rights Amendment, the Court is not able to determine the scope of the amendment using traditional state constitutional analytic tools.  Without any guidance from New Mexico courts, this Court is reluctant to determine such a novel and complex legal issue.  Since

the Plaintiff has invoked 28 U.S.C. § 1367 as the jurisdictional basis for his New Mexico constitutional claims, the Court declines to exercise supplemental jursidiction because "the claim raises a novel or complex issue of State law," 28 U.S.C. § 1367(c)(1). Accordingly, Plaintiff's state constitutional claims are dismissed without prejudice.

## CONCLUSION

For the reasons noted above, the Court finds that Plaintiff has failed to sufficiently plead his Equal Protection and First Amendment Claims under the heightened pleading requirements of *Breidenbach v. Bolish*, 126 F.3d at 1293, where a qualified immunity defense has been raised. The Court further finds that the appropriate remedy is for Plaintiff to amend his Complaint to address the concerns raised by the Court. With respect to Plaintiff's state constitutional claims, the Court declines to exercise supplemental jurisdiction over theses claims and dismisses these claims without prejudice.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff will amend the complaint no later than 30 days from the date of this Order; Plaintiff's state constitutional claims are hereby **dismissed without prejudice**; and Defendants' Motion to Dismiss the Complaint for Failure to State a Claim **[Doc. No. 15]** is therefore **granted in part** and **denied in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment **[Doc. No. 9]** is **DENIED** as moot.

**DATED** this 23rd day of August, 2000.

_____
**MARTHA VÁZQUEZ**
**U. S. DISTRICT JUDGE**